100 So.2d 719

Mary M. HARRIS

v.

MOBILE HOUSING BOARD.

1 Div. 730.

Supreme Court of Alabama.

Jan. 23, 1958.

Rehearing Denied March 6, 1958.

**148**

John M. Tyson and Samuel M. McMillan, Mobile, for appellant.

Alexander Foreman, Jr., McConnell & Foreman, Mobile, for appellee.

MERRILL, Justice.

Mobile Housing Board filed its petition for condemnation of several tracts of land. The petition showed that the appellant, Mary M. Harris, and 14 other persons owned or claimed to own some right, title or interest in one of the tracts. Appellant was the owner of seven houses located on the tract and the other 14 named defendants were tenants in the houses.

The probate court granted the petition and appointed commissioners; they reported, assessing damages at $8250 in favor of all defendants; the order of condemnation was entered on January 15, 1957; the award was paid into court, and on January 31, 1957, appellant appealed to the circuit court.

Mary M. Harris took the appeal in her own name, but not in the name of the other 14 defendants. On February 17, 1957, appellee filed a motion in circuit court to dismiss the appeal because it was not taken in the name of all of the parties against whom the order of condemnation was rendered. The circuit court dismissed the appeal and Mary M. Harris brings her appeal to this court.

It is obvious that the trial court dismissed the appeal because he relied, as he had a perfect right to do, on the latest pronouncement of this court on the subject in Williams v. Jefferson County, 261 Ala. 76, 72 So.2d 920, 926, where we said: "* * * an appeal not affected by that statute (Tit. 7, § 804) *must* be taken to the circuit court in the name of all the parties against whom a judgment is rendered." (Emphasis supplied.)

Title 19, § 17, Code 1940, is the only provision of law for appeals from orders of condemnation entered by probate courts, Stanton v. Monroe County, 261 Ala. 61, 72 So.2d 854; State ex rel. Wood v. Williams, 125 Ala. 115, 28 So. 401, and it provides:

"Any of the parties may appeal from the order of condemnation to the circuit court of the county within thirty days after the making of the order of condemnation, by filing in the court rendering the judgment, a written notice of appeal, a copy of which shall be served on the opposite party, or his attorney, and on such appeal, the trial shall be de novo, and it shall be necessary to send up the proceedings only as to the parties appearing or against whom an appeal is taken."

As pointed out in Williams v. Jefferson County, supra [261 Ala. 76, 72 So.2d 925], concerning appeals to this court or the Court of Appeals, "it was held prior to Code section 804, Title 7, that an appeal had to be taken in the name of all the par-

ties against whom the judgment was rendered. This could be done by one of the defendants, but in the name of all of them." This was the analogy which was applied to appeals from probate court to circuit court under Tit. 19, § 17, and resulted in the rule of the Williams case which was followed by the trial court.

■ There are two other cases before this court involving this same question, and after considering all three of them together, we have concluded that the rule of the Williams case that the appeal must be taken to the circuit court in the name of all the parties is too harsh. But we hasten to add that it is permissible, and the better practice, for one party to appeal in the name of all the others alleged to have some interest in the parcel or tract with the party appealing.

Title 19, § 17, supra, permits "any of the parties" to appeal within thirty days after the making of the order of condemnation and the trial in circuit court "shall be de novo." We have held that the requirement of a trial de novo means what it says and means a new trial as if no trial had ever been had, and just as if it had originated in the circuit court. Lipscomb v. Bessemer Board of Education, 258 Ala. 47, 61 So.2d 112.

The taking of one's property under the eminent domain statutes is a serious matter, and any party interested in any tract has the right to appeal to the circuit court in order that a jury may pass on the amount of the award, if any. We do not think the right of appeal should be abridged by holding that an aggrieved party must take the appeal in the name of the other parties interested in the same tract. It is obvious that the amount of the award of damages for one tract cannot be tried piecemeal, part in probate court and part in circuit court.

It has already been held that an appeal must be taken within thirty days after the order of condemnation is made in order for the circuit court to acquire jurisdiction. Stanton v. Monroe County, 261 Ala. 61, 72 So.2d 854.

■ The fairer rule seems to be, and we so announce—that one of the claimants to an interest in a tract may appeal in the names of the other claimants interested in that same tract, or, if he appeals in his name only within the prescribed time, the orders and decrees of the probate court are vacated and the appeal transfers the entire proceedings, insofar as that tract is concerned, to the circuit court and notice should be given to all the other interested parties who are shown by the proceedings to be interested along with the appellant. It is permissible for any parties not appealing to voluntarily appear in circuit court after the appeal is taken by one party in his name only, and when so, notice to them would not be necessary. When and if an award is finally made in the circuit court, the distribution or apportionment of the funds among the parties as provided for in Tit. 19, § 26, can be made in circuit court just as well as in probate court.

The notice should be given by the clerk of the circuit court to such claimants as do not join in the appeal to appear before the circuit court at the time to which the appeal is returnable, and unite in said appeal if he see proper, which notice may be served upon the party, or his attorney of record in the probate court. If any of the parties not joining be nonresidents and not represented by an attorney in the probate court, the clerk may cause notice of such appeal to be sent by registered mail or published for two weeks in some public newspaper, if there be sufficient time therefor; otherwise for one week, citing nonresident to appear before the circuit court and join in the appeal, if he desires to do so; and on proof of publication, the circuit court may proceed as if said party had been served with a notice to join in such appeal; but the circuit court can, under its existing practice, cause service of notice to be made when service has not been perfected as hereinabove outlined.

We think this rule is a salutary one, especially when it is related to those circumstances where one of the interested parties is perfectly satisfied with the award

in the probate court and refuses to join in an appeal, while another party is very anxious to have his damages passed on by a jury.

It follows that the appeal of Mary M. Harris, taken within the prescribed time, effectually removed the entire proceedings relating to the tract in which she was interested to the circuit court, and carried with it the other 14 defendants. They should be given notice of the appeal by the circuit clerk in order that they may come in and participate in the appeal if they care so to do.

Our holding in the instant case points up once again the real need of having our eminent domain statutes revised in many particulars and brought up to date by the Legislature.

The judgment of the lower court is reversed, and the cause is remanded for further proceedings in the circuit court.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON, GOODWYN and COLEMAN, JJ., concur.