180 So.2d 910

**Josephine Hughes URBAN**

v.

**STATE of Alabama.**

**7 Div. 556.**

Supreme Court of Alabama.

Nov. 18, 1965.

Rehearing Denied Dec. 16, 1965.

Markstein & Cain, Birmingham, for appellant.

Maurice F. Bishop, Birmingham, and Hanby & Stivender, Gadsden, for appellee.

LAWSON, Justice.

The State of Alabama filed in the Probate Court of Etowah County a petition for condemnation of several tracts of land. The petition showed that Josephine Hughes Urban and several other persons owned or claimed to own some right, title or interest in one of the tracts.

The Probate Court granted the petition and appointed commissioners. They reported, assessing damages to Mrs. Urban and others at $33,283. An order of condemnation followed.

The State of Alabama appealed to the Circuit Court of Etowah County, where a judgment was rendered on a jury verdict awarding the landowners compensation in the amount of $6,201. The property owners filed a motion for a new trial, which was later overruled and denied.

Josephine Hughes Urban alone has appealed to this court.

The cause was submitted here on motion and merits.

### Motion

The State has moved that the appeal be dismissed on the ground, among others, that "no notice or citation has been served on any of the other party respondents [landowners], none of whom are parties to this appeal."

Section 804, Title 7, Code 1940, reads in pertinent parts as follows:

"Any party against whom a judgment or decree is rendered, may individual-

ly appeal to the supreme court or court of appeals without taking the appeal in the name of the other codefendant, but the clerk or register of the court from which the appeal is taken, shall issue a summons when the appeal is so taken, to such as do not join in the appeal to appear before the supreme court or court of appeals at the time to which the appeal is returnable, and unite in said appeal if he see proper, which summons may be served upon the party, or his attorney of record in the lower court. * * *"

The appellant, Josephine Hughes Urban, does not contend that any of the other persons interested in the tract of land who were parties to the proceedings in the circuit court were summoned in the manner provided by § 804, Title 7, supra; or that any of them signed the appeal bond as principals (Smith v. Collier, 210 Ala. 23, 97 So. 101); or that any of them has appeared in this court in such a manner as to constitute a waiver of summons or other notice. Cosby v. Moore, 259 Ala. 41, 65 So.2d 178; Shaddix v. Wilson, 261 Ala. 191, 73 So.2d 751.

It is appellant's insistence that the provisions of § 804, Title 7, supra, have no application inasmuch as her appeal was taken under the provisions of § 23, Title 19, Code 1940, which authorizes "any party" to appeal to this court from a final judgment of the circuit court in condemnation proceedings.

The exact question here presented does not appear to have been decided by this court, but an analogous procedural question relating to appeals from the order of condemnation in the probate court to the circuit court has been presented to and determined by this court.

In Williams v. Jefferson County, 261 Ala. 76, 72 So.2d 920, we said in part as follows:

"The appeal here pursued to the circuit court from the probate court is

under section 17, Title 19, and is not in any respect controlled by section 804, Title 7. So that this appeal is to be controlled by applicable principles existing without it. That is, that an appeal not affected by that statute must be taken to the circuit court in the name of all the parties against whom a judgment is rendered. When this is done those not appealing may join in the appeal or give notice of a desire not to do so. Here the Warren claimants appealed, as we have noted, on February 18, 1953, without using the names of all the claimants of tract No. 13. The Terrells came in and joined. Williams tried to do so by giving notice of appeal. This was first allowed and he became a party to the appeal and then his appeal was dismissed on motion. A condemnation as to each tract named in the petition is a separate unit. The claimants are parties in that unit only, not in the others. The controversy as to that tract affects all the claimants jointly. It could not be split up into a trial for each claimant separately. 30 C.J. S., Eminent Domain, § 356, p. 39, note 62. The award is joint. Appeal by any of the parties, section 17, supra, means the parties to any tract. It is necessary for all claimants of a tract to be made parties. 30 C.J.S., Eminent Domain, § 356, p. 39, note 45. * *" (261 Ala. 83, 72 So.2d 926.)

The rule in the Williams case was modified by this court in Harris v. Mobile Housing Board, 267 Ala. 147, 100 So.2d 719. In that case, the Housing Board filed an application for condemnation against Mary M. Harris and fourteen other persons who were alleged to own some right, title or interest in one of the tracts. Mary M. Harris appealed from the order of condemnation entered in the Probate Court to the Circuit Court of Mobile County in her own name, but not in the name of the other fourteen defendants. On motion, the circuit court followed our hold-

ing in the Williams case, supra, and dismissed the appeal. Mary M. Harris then appealed to this court. We reversed on the ground that we were wrong in the Williams case, supra, in holding that an appeal to the circuit court from an order of condemnation entered in the probate court must be taken to the circuit court in the name of all the parties claiming an interest in the tract condemned. However, we recognized the fact that all such claimants should be before the circuit court and to that end spelled out a procedure whereby the clerk of the circuit court is required to give notice to such claimants as do not join in the appeal to appear before the circuit court at the time to which the appeal is returnable, and unite in said appeal if they see proper, which notice may be served upon the party or his attorney of record in the proper court.

The Legislature did not expressly make the provisions of § 804, Title 7, supra, applicable to appeals from the probate court to the circuit court. But our holding in the Harris case, supra, has that effect. This was done because we felt that the rule of the Williams case, supra, was too harsh, but we recognized the fact that it was essential to let all the claimants of a tract of land condemned in the probate court have an opportunity to be before the circuit court on appeal. We so held, despite the fact that § 17, Title 19, provides in part: *"Any of the parties may appeal* from the order of condemnation [in the probate court] to the circuit court * * *."* (Emphasis supplied.)

We cannot say that because § 23, Title 19, Code 1940, says that "any party" may appeal from the circuit court to this court, the requirements of § 804, Title 7, need not be met. To do so would run counter to the rationale of our holding in the Harris case, supra, where, as shown above, we made the provisions of § 804, Title 7, supra, applicable to appeals to the circuit court from orders of condemnation rendered in the probate court despite the fact that § 17, Title 19, Code 1940, provides

that "any of the parties" may appeal to the circuit court from an order of condemnation rendered in the probate court.

For want of proper parties when the submission was had the motion to dismiss is granted and the appeal is dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.