263 So.2d 674

**Mamie KELLEY**

v.

**The HOUSING AUTHORITY OF the CITY OF BAY MINETTE, BALDWIN COUNTY, Alabama, et al.**

**1 Div. 734.**

Supreme Court of Alabama.

June 15, 1972.

Kenneth Cooper, Bay Minette, for appellant.

Wilters & Brantley, Bay Minette, for appellees.

was then, and is now, a resident of the State of Florida. Nor, does the transcript show any substituted service.

**BLOODWORTH, Justice.**

The bill of complaint in this case is a bill in the nature of a bill of review. It was filed by Mamie Kelley and her brother, Aubrey Smith, alleging that they had no notice of an appeal taken by co-condemnees to the circuit court from an order of condemnation made in the probate court of Baldwin County, wherein their lands were condemned. They allege that trial was had in the circuit court without their knowledge. They pray that the order of condemnation in the circuit court be set aside and a new trial granted. Subsequently, Aubrey Smith was stricken as a party when he conveyed his interest to appellant Mamie Kelley.

The circuit court of Baldwin County, in equity, denied the relief sought and Mamie Kelley appealed to the Court of Civil Appeals. The case was submitted in that court February 10, 1972. On May 15, 1972, it was transferred to this court. Title 13, § 111(11), Code of Alabama, Recompiled 1958. On May 19, 1972, the case was submitted in this court.

It appears that appellee, The Housing Authority of the City of Bay Minette, filed a petition against appellant Kelley and others in the probate court of Baldwin County to condemn certain lands in the City of Bay Minette. At the hearing on this petition, appellant Kelley was present though she was not represented by counsel. The lands were condemned by the probate court and an award of damages made to the condemnees on January 29, 1970. Thereafter, certain of the condemnees (but not appellant Kelley) appealed to the circuit court.

No copy of the "notice of appeal" as required by Title 19, § 17, Code of Alabama, 1940, was served on appellant Kelley who was then, and is now, a resident of the State of Florida. Nor, does the transcript show any substituted service.

It further appears that trial was held in the circuit court on June 16, 1970, the lands were condemned, and damages awarded the condemnees, including this appellant. The evidence is undisputed that appellant had no notice of the appeal nor of the circuit court trial. She was not present nor represented by counsel. She first learned of the trial having been held in circuit court when a friend wrote her about it a week or two later. Her bill in the nature of a bill of review was filed in January of 1971.

The principal contention made on this appeal by appellant is that the circuit court erred in not setting aside its condemnation order and granting a new trial when it appeared, without dispute, that appellant was never served with notice of appeal, nor had notice of the trial, nor was present thereat.

Appellees admit this issue is the crux of this appeal. In brief, they admit that appellant had no notice of the appeal to the circuit court from the probate court and that she should have been notified. However, appellees contend she is estopped from being granted relief under a bill in the nature of a bill of review because they say that she waited too long, from June to January, to file her bill. There is no merit in this contention. See Equity Rule 66; Multer v. Multer, 280 Ala. 458, 195 So.2d 105.

Appellees also contend that appellant filed a petition to set aside the circuit court's order of condemnation, which was denied by the circuit court, from which order she could have appealed. We find nothing in the record concerning such a petition or an order thereon. Thus, there is nothing before us on this issue.

It does appear that appellees sought by writ of certiorari to bring up certain alleged records, presumably pertaining to this issue. The writ was denied by the Court. of Civil Appeals. The correctness of this decision is not before us on this appeal.

■ Title 19, § 17, Code of Alabama 1940, is the provision of law which governs appeals from orders of condemnation entered by probate courts. Stanton v. Monroe County, 261 Ala. 61, 72 So.2d 854 (1954); Harris v. Mobile Housing Board, 267 Ala. 147, 100 So.2d 719 (1958).

Title 19, § 17, supra, provides:

"Any of the parties may appeal from the order of condemnation to the circuit court of the county within thirty days after the making of the order of condemnation, by filing in the court rendering the judgment, *a written notice of appeal, a copy of which shall be served on the opposite party, or his attorney,* and on such appeal, the trial shall be de novo, and it shall be necessary to send up the proceedings only as to the parties appearing or against whom an appeal is taken." [Our emphasis.]

This court has heretofore observed that:

"The taking of one's property under the eminent domain statutes is a serious matter, and any party interested in any tract has the right to appeal to the circuit court in order that a jury may pass on the amount of the award, if any. * * *" Harris v. Mobile Housing Board, supra, 267 Ala. at p. 149, 100 So. 2d at p. 720.

We specifically held in *Harris,* supra, that the appeal need not be taken in the name of all the parties though the better practice would seem to be to do so.

■ If appeal is taken in the name of one party only, we held, "* * * notice should be given to all the other interested parties who are shown by the proceedings to be interested along with the appellant . ." Harris v. Mobile Housing Board, supra. We also held that this notice should be given by the circuit court clerk to those parties who did not join in the appeal, notifying them to appear in the circuit court at the time to which the appeal is returnable and unite in the appeal if deemed advisable. The notice may be served on the party or his attorney of record in the probate court. Nonresidents, not represented by an attorney in the probate court, should be sent a notice of such appeal by registered mail, or publication for two weeks in some public newspaper, if there is time therefor, otherwise for one week. Harris v. Mobile Housing Board, supra. We also held that "the circuit court can, under its existing practice, cause service of notice to be made when service has not been perfected as hereinabove outlined." *Harris,* supra; Urban v. State, 279 Ala. 8, 180 So. 2d 910 (1965), cert. den. 385 U.S. 972, 87 S.Ct. 510, 17 L.Ed.2d 436.

■ Thus, it results that the final decree denying appellant the relief sought must be reversed and remanded, and the trial court ordered to render a final decree setting aside the judgment of condemnation in the circuit court and granting appellant a new trial therein. The appellant should be given notice of the appeal (from the probate court) by the circuit clerk in order that she may come in and join in the appeal, and in the trial de novo in the circuit court, if she be so advised.

In view of the result we reach, it would seem to be both unnecessary and inappropriate to comment on the other assignments of error argued.

Reversed and remanded for entry of a decree in conformity herewith.

HEFLIN, C. J., and MERRILL, COLEMAN and McCALL, JJ., concur.