The State of Alabama Highway Department appeals from a judgment awarding compensation to a business owner in a condemnation proceeding, contending that the compensation awarded is excessive. The condemnation itself is unchallenged. We reverse and remand.
Dennis Lawford is lessee and operator of a self-service car wash in Elba, located on U.S. Highway 84. The State, planning to straighten and widen U.S. Highway 84, initiated condemnation proceedings in the probate court in order to take Lawford's remaining leasehold interest in the property. Lawford's lease was due to expire during the month the property was actually taken, but the lease provided for two consecutive five-year renewals. Both parties agree that Lawford would be entitled to compensation based on the 10 years remaining on the lease agreement.
Lawford filed a motion for severance, seeking a trial separate from that of the owner of the fee and seeking a separate award of damages for the taking of Lawford's leasehold interest. This motion for severance was granted, and the probate court, in separate proceedings, awarded $57,000 to the fee owner and $32,600 to Lawford.[1] Both the State and Lawford appealed to the circuit court on the issue of fair compensation.
The Coffee County Circuit Court held a nonjury trial on June 7, 1988, and entered a judgment awarding Lawford $286,000 for his remaining leasehold interest. The State filed motions to alter, amend, or vacate the judgment, and for a new trial or remittitur. These motions were deemed denied by operation of Rule 59.1, A.R.Civ.P. The State appealed to this Court.
The issues on appeal are (1) whether the trial court's award of $286,000 is excessive — i.e., not supported by any of the evaluation evidence offered at trial, and (2) whether the trial court erred in permitting the question of the value of the leaseholder's interest to be severed and tried separately from the question of the award of compensation to the fee owner.
The trial court heard evaluation testimony from one State appraisal witness, Ron Wykle; an evaluation witness for the lessee, Harry Spivey; and the lessee himself. The State's witness, Wykle, testified that the fair market value of the entire property before the acquisition was $70,764 and that the market value of the property after the acquisition would be $11,957. The market value after acquisition did not include three vacuum cleaners, which were later determined to be personal property. Taking into account the vacuum cleaners, Wilke calculated the just compensation to be $57,700. The amount awarded by the probate court and the amount actually paid to the fee owner was $57,000. Wykle also testified that Lawford told him that he was making approximately $2,000 per month from the property. Wykle further testified that he did not use the data regarding *Page 287 
income derived from the property to reach his decision, although he agreed that income can be considered in determining the value. Lawford said he based his value of the leasehold interest on the net monthly income that would have been derived from the property over the remaining 10 years of his lease. Lawford testified that his net profit was $1,300 a month, which is $15,600 per year. Over the 10 remaining years this would total $156,000. Lawford also testified that he takes in $34,000 annually before he pays rent, insurance, and other operating expenses.
Lawford called Harry Spivey as an evaluation witness. Spivey is a distributor for car wash facilities, and he owns and operates 74 car washes; Spivey furnishes equipment for Lawford's car wash. He testified that the gross income from a car wash, based upon a national average, would be $400 per week. He then testified that the gross income would vary from $250 to $500 per week. Neither Spivey nor Lawford offered any type of testimony or other evidence as to the monthly operating expenses that must necessarily be paid out of the gross receipts.
In condemnation cases, the trial court's judgment is to be affirmed unless the verdict is not supported by competent evidence, is against the preponderance of the evidence, or is palpably wrong and manifestly unjust. State v. Wise DevelopmentCorp., 293 Ala. 671, 309 So.2d 448 (1975). Drummond Coal Co. v.State, 548 So.2d 430 (Ala. 1989), states that the trial court must consider only competent evidence offered at trial and that it may not substitute its own judgment or consider its own opinion when there is no evidence whatever of a higher or different value. The trial court must place its determination of values somewhere between the ranges of values offered in evidence by the parties. When a verdict or award is within the range between the highest value placed on the land by the landowner's witnesses and the lowest value put on it by the State's witnesses, the trial court's award should not be disturbed. State v. Central of Georgia R.R., 293 Ala. 675,309 So.2d 452 (1975). The measure of damages for a leasehold interest taken under eminent domain is the fair market value of the lease, to be assessed as the difference between the reasonable market value of the unexpired portion of the lease and the amount of rent that would have been paid by the lessee during the unexpired term. Drummond, supra.
After carefully reviewing the record, we conclude that the award of $286,000 far exceeds the maximum value testified to by the witnesses. For this reason, the trial court's award must be reversed; it is not supported by any competent evidence, is against the preponderance of the evidence, and is palpably wrong and manifestly unjust.
The trial judge correctly pronounced in open court the proper method of determining the amount of compensation to be awarded for the leasehold interest, when he stated: "The law is very, very clear. Ownership is like a pie, and before we can determine what a slice of that pie is — in other words some portion of it — we have to determine what the whole pie is worth." In City of Dothan v. Wilkes, 269 Ala. 444,114 So.2d 237 (1959), this Court, quoting from 2 Lewis, Eminent Domain § 716, p. 1253 (3d ed.), stated the rule as follows:
 "When there are different interests or estates in the property, the proper course is to ascertain the entire compensation as though the property belonged to one person and then apportion the sum among the different parties according to their respective rights. The value of property can not be enhanced by any distribution of the title or estate among different persons or by any contract arrangements among the owners of different interests. Whatever advantage is secured to one interest must be taken from another, and the sum of all the parts cannot exceed the whole."
In Gamble v. State, 289 Ala. 131, 266 So.2d 286 (1972), this Court quoted the rule from Wilkes, 289 Ala. at 136,266 So.2d at 289, and then added: "There is no provision in our statutes or case law granting a separate jury trial to a lessee in a condemnation *Page 288 
proceeding." 289 Ala. at 137, 266 So.2d at 291.
The statutory method of determining the value of a leasehold interest is stated at Alabama Code 1975, § 18-1A-154:
 "The circuit court or jury shall first determine the total compensation as between the plaintiff and all defendants claiming an interest in the property. The circuit court shall determine the apportionment of the amount awarded in a subsequent proceeding. After the amount of compensation has been determined, the plaintiff may withdraw from further participation in the trial."
This rule is stated another way in 4 Nichols, The Law ofEminent Domain, § 12.05[1], at 103-04. (3d ed. 1990):
 "It was formerly one of the most firmly established principles of eminent domain, and it is still the law in the usual case, that when a tract of land is taken by eminent domain, because the land itself is taken by a paramount title rather than through the separate estates of different persons having interests in the land, the compensation awarded is for the land itself and not for the sum of the different interests therein. The duty of the public to make payment for the property which it has taken is not affected by the nature of the title or by the diversity of interests in the property. The public pays what the land is worth, and the amount so paid is to be divided among the various claimants, according to the nature of their respective estates."
It is true, as stated in Gamble v. State, supra, that there is no provision in our statutes or case law granting a separate jury trial to a lessee in a condemnation proceeding, but we see no reason why a trial court, in its discretion, could not order such a separate trial where, as here, the owner of the fee is satisfied with the amount awarded for his interest. We see no compelling reason why the lessee can not challenge the amount apportioned to his interest, but that interest must be determined in the two-step procedure set out above.
Here, the trial court erred in severing the lessee's claim from that of the fee owner, because the amount apportioned to the lessee's interest had not been determined according to the two-step procedure set out above. The lessee is entitled to share in the total award only in proportion to his interest.
The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.
[1] The fee owner agreed upon the property value established by the probate court and is not a party to this action.