RICHARD L. HOLMES, Retired Appellate Judge.
This is a ease involving the condemnation of a portion of land owned by Fairhope Single Tax Corporation (owner) and leased by SouthTrust Bank of Baldwin County (leaseholder).
The State of Alabama (State) offered the owner $28,260 for the strip of land to be taken. No money was offered to the leaseholder. When the offer was not accepted, the State filed a petition in the Probate Court of Baldwin County to condemn the land.
The probate court granted the petition to condemn and appointed commissioners to assess the damages and compensation due the parties with an interest in the property. A hearing was held by the commissioners. The commissioners filed their report, awarding $26,760 to the owner and $1,500 to the leaseholder. The probate court entered an order of filing the report of commissioners and an order of condemnation.
The leaseholder filed a notice of appeal to the circuit court. The State filed a notice of appeal to the circuit court as to both the owner and the leaseholder.
The owner filed a motion to dismiss the appeal and for an order increasing the amount awarded by the commissioners. The *563 circuit court granted the owner’s motion and remanded that part of the case pertaining to the owner’s award to the probate court.
The circuit court issued an amendment of the order nunc pro tunc, which stated that the previous order had not affected the leaseholder’s appeal. This amendment to the order nunc pro tune also stated that the part of the action which related to the compensation due the owner is remanded to the probate court for the rendition of an order or a decree increasing the amount awarded to the owner by the commissioners.
Thereafter, the circuit court entered a second amendment to the order nunc pro tune, which provided, in pertinent part:
“3. That the Court has determined that in this case, the general rule should not apply; however, because the State chose, in its initial condemnation petition, to apportion the total damage award between the owner of the fee simple title and the lessee ... this Court is persuaded that once that offer is made to and accepted by the owner of the fee simple title, it may not be withdrawn or reduced by the Court. Inasmuch as [the owner] accepted the award in this case and has never appealed or objected to it, the Court is of the opinion that the only issue left pending is the valuation of the leasehold interest, which only involves the State and [the leaseholder] and which is set for trial on October 12, 1993. It is the anticipation of the Court that, at trial, the jury will be free to assess the damages due [the leaseholder] for the partial taking of its leasehold interest, without regard to the damages which were heretofore offered to [the owner], and that, because the State of Alabama chose to make an apportionment of those damages itself, in its initial petition for condemnation, the total award of damages to the owner of the fee simple title and the lessee, in this case, may possibly be more than the total appraised value of the property at issue.”
This order was made final under Rule 54(b), A.R.Civ.P. The State appeals. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
The dispositive issue is whether the trial court committed reversible error when (a) it remanded to the probate court that part of the proceeding related to the compensation due the owner for the rendition of an order or decree increasing the amount awarded to the owner by the commissioners, and (b) it determined that the two-step process concerning the assessment of damages in a condemnation case, as set out in State Highway Dep’t v. Lawford,- 611 So.2d 285 (Ala.1992), did not apply in the present case and that the jury would be free to assess damages due the leaseholder without consideration of the value of the entire property and that, in fact, the jury could award damages that exceed the value of the entire property.
For the reasons set out below, we answer in the affirmative, i.e., the trial court erred to reversal. First, we will discuss the pertinent statutory and case law related to condemnation cases.
The process to appeal an order of condemnation is stated in Ala.Code 1975, § 18-1A-283, which provides, in pertinent part:
“Any of the parties may appeal from the order of condemnation to the circuit court ... and on such appeal, the trial shall be de novo....”
(Emphasis added.)
When such an appeal is filed, the entire proceeding regarding that particular tract is transferred to the circuit court, and the order and decrees of the probate court are vacated. Harris v. Mobile Housing Board, 267 Ala. 147, 100 So.2d 719 (1958). On appeal, the circuit court tries the case de novo on both the issue of whether the property should be condemned and, if condemned, the issue of what compensation and damages are due the parties with an interest in the condemned property. Gamble v. State, 289 Ala. 131, 266 So.2d 286 (1972). When a case is tried de novo, the entire case 'is treated as if there had been no prior proceeding. Williams v. Deerman, 587 So .2d 381 (Ala.Civ.App.1991).
In State Highway Dep’t, 611 So.2d 285, our supreme court held that in cases where the owner of the property is satisfied with the amount awarded for his interest, but the *564 leaseholder is not pleased with the amount apportioned to his interest, the circuit court can order a separate trial for the leaseholder, but his interest must be determined in the two-step process provided in Ala.Code 1975, § 18-1A-154.
Section 18-1A-154 provides that the total compensation due for all parties claiming an interest in the property is to be determined first. It should be remembered that the compensation in condemnation cases is for the damage to the property rather than the damage to the people having an interest in the property. City of Dothan v. Wilkes, 269 Ala. 444, 114 So.2d 237 (1959). Once the amount of total compensation is determined, it is then to be apportioned among the parties claiming an interest in the property.
The distribution or apportionment of the award among the parties having an interest in the property can be handled by the circuit court just as well as it can be handled by the probate court. Harris, 267 Ala. 147, 100 So.2d 719. Consequently, as our supreme court stated in Harris, “[i]t is obvious that the amount of the award of damages for one tract cannot be tried piecemeal, part in probate court and part in circuit court.” Harris, 267 Ala. at 149, 100 So.2d at 720.
In Harco Drug, Inc. v. Notsla, Inc., 382 So.2d 1 (Ala.1980), our supreme court recognized that, in some eases, the compensation awarded in a condemnation action may be inadequate to compensate fully all the parties having an interest in the property. In such cases, the inadequacy is to be shared by all parties having an interest in the property according to their respective interests.
While the sum of the values of the various interests can total more than the value assigned the property, this does not justify an increased award so that all the parties having an interest in the property can be fully compensated. The condemnor is required to pay only the fair market value of the property. Albert P. Brewer & Charles D. Cole, Brewer and Cole: Alabama Constitutional Law 396 (1992). The apportionment of the compensation awarded for the property is primarily a dispute between the owner of the property and the leaseholders, mortgagees, or other parties who have an interest in the property. City of Dothan, 269 Ala. 444, 114 So.2d 237.
In light of the above, the trial court could not handle this case as it did. Once the matter was appealed to the circuit court, the entire proceeding regarding that tract was before the circuit court. As previously noted, the circuit court can make the disbursements or apportionments of the compensation just as well as the probate court. Therefore, there was no valid reason to remand that portion of the ease related to the owner’s interest to the probate court.
The owner argues that when the State prepared a breakdown of the just compensation due the parties having an interest in the property referred to as Tract 37 ($28,260 to the owner and NONE to the leaseholder) and attached it to the petition to condemn, the owner could not receive less than the offer of $28,260, pursuant to the provisions of Ala.Code 1975, § 18-lA-22(a).
Section 18-lA-22(a) provides:
“Before commencing a condemnation action, the condemnor shall establish an amount based on an appraisal which it believes to be just compensation therefor and promptly shall submit to the owner an offer to acquire the property for the full amount so established. The amount shall not be less than the condemnor’s established amount of just compensation for the property.”
(Emphasis added.)
In its brief, the owner contends that it accepted the offer made by the State and that once the offer is accepted, it cannot be reduced or withdrawn. The owner further contends that it accepted the award in this case and did not appeal or object to the same.
In our review of the record, we find no documentation that the owner accepted the offer of $28,260 made by the State. In fact, in its answer to the State’s petition to condemn the land, the owner admits that the State had made an offer for the tract based on the appraisal done in compliance with the Alabama Code and that this offer had been refused.
*565 The award to the owner in this case was $26,760. The owner argues that the commissioners could not reduce the amount offered by the State as just compensation. Its authority for this argument is the last sentence in § 18-lA-22(a), which is set out above.
However, in our reading of this statute, we note that the first sentence in this statute contains the phrase “[bjefore commencing a condemnation action.” This statute governs the actions of the State prior to filing a petition to condemn lands in the probate court. It does not mean that the commissioners cannot find that the compensation due the owner is less than the offer made by the State. It simply provides that, at this negotiation or pre-litigation stage of the condemnation procedure, the State cannot offer less than the established amount of just compensation. Consequently, the circuit court committed reversible error when it remanded the portion of the case pertaining to the owner’s interest to the probate court with instructions to increase the amount awarded to the owner by the commissioners.
As previously noted, the State is required to pay only the fair market value of the property, and if this amount is inadequate to compensate fully all the parties having an interest in the property, the inadequacy is to be shared. Consequently, the circuit court committed reversible error when it stated that the two-step process set out in State Highway Dep’t, 611 So.2d 285, did not apply in the present case.
The judgment is due to be reversed and the cause remanded for proceedings not inconsistent with the above.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.