RICHARD L. HOLMES, Retired Appellate Judge.
This is a condemnation case, involving a portion of land owned by Fairhope Single Tax Corporation (owner) and leased by SouthTrust Bank of Baldwin County (leaseholder).
In 1992 the State of Alabama (State) condemned a certain portion of land to be used as an easement for a public road. The State and the leaseholder appealed the condemnation proceedings from the probate court to the circuit court. Thereafter, the State appealed to this court. See State v. SouthTrust Bank of Baldwin County, 634 So.2d 561 (Ala.Civ.App.1994).
In February 1996 the State, the owner, and the leaseholder entered into a consent agreement regarding the amount of compensation to be paid for the condemned property. The parties agreed that the State owed $28,260, plus accrued interest, for the condemned property. The consent agreement stated that “[the consent agreement] does not purport to affect any rights either [the owner or the leaseholder] may have to all or a portion of the award.” The owner and the leaseholder requested a hearing to determine their respective rights to the award.
The circuit court held a hearing on July 15, 1996. On August 19, 1996, the circuit court issued an order, stating “[t]hat said amount is hereby apportioned between the parties with [the owner] receiving 85% and [the leaseholder] receiving 15%.”
The leaseholder appeals.
The dispositive issue is whether the trial court committed reversible error in its apportionment of the condemnation proceeds between the owner and the leaseholder.
Our review of the record reveals the following pertinent facts: In December 1989 the owner and the leaseholder entered into a 99-year lease for a 150-by 300-foot parcel of unimproved property. Testimony revealed that the annual rental for the parcel in 1992, the year of the condemnation, was $1,742. Gary Purvis, a senior vice president for the leaseholder, testified that the leaseholder leased the parcel so that it might build a branch location on the parcel at some point in the future.
In 1992 the State condemned a portion of this parcel, which measured 150 feet wide by 40 feet deep. It is undisputed that the State condemned 15% of the total leasehold. Pur-vis testified that while the leaseholder still planned to build a branch location on the parcel, the condemnation affected the leaseholder’s plans regarding the type of facility to be located on the site.
Several witnesses testified at the July 15, 1996, hearing regarding their opinions of the apportionment of the condemnation proceeds between the owner and the leaseholder. There was a wide range of opinions, e.g., the leaseholder was entitled to amounts of $300 to $29,809 of the condemnation proceeds for its interest in the property.
We would note that only one witness, Joe Courtney, a real estate appraiser, testified regarding the fair market value of the leasehold interest. Courtney testified regarding his method of calculating the estimated value of the leasehold interest in the condemned portion of the parcel, i.e., the economic rent less the contract rent multiplied by the unexpired term of the lease. Courtney stated that he calculated the value of the leasehold *779 interest over the duration of the lease to be $29,809.
Our supreme court stated the following in Drummond Coal Co. v. State, 548 So.2d 430, 432-33 (Ala.1989):
“Generally speaking, the measure of damages for a leasehold interest taken under eminent domain is the fair market value of the lease. In Alabama, two methods of determining fair market value have been approved.
“First, fair market value, ie., the measure of a lessee’s damages for a leasehold taken under eminent domain, may be the economic rent (or fair rental value of the leasehold) less the rent reserved under the terms of the lease. Under this approach, the value of the leasehold interest is the difference between the fair rental value of the leased premises for the unexpired term of the lease, and the rent reserved in the lease.
“Second, fair market value may be assessed as the difference between the reasonable market value of the unexpired portion of the lease, and the amount of rent that would have been due and paid by the lessee for the unexpired term of the lease. Whether there is any substantive difference between this method and the one first described is not entirely clear.
[[Image here]]
“Courts ... have created a third method, perhaps not yet expressly articulated in Alabama, of assessing the value of leasehold interests: actual or intrinsic value of the leasehold. Fair and just valuation of all the interests at stake in eminent domain proceedings requires that this method be recognized.
[[Image here]]
“... [W]e conclude that the factfinder should be allowed to consider the following factors in determining the value of a leasehold interest as that value affects the fair market value of the land:
“a) The length of the unexpired term of the lease;
“b) the fair market value, if any, of the unexpired term of the lease;
[[Image here]]
“e) the highest and best use of the property;
“f) the utility, if any, of any portion of the land in which the leaseholder has an interest, remaining after the condemnation; and
“g) any other actual damages sustained by the leaseholder.
“We stress that a lessee is not entitled as a matter of law to recover the cost of any specific item. Rather, evidence of the above factors, reduced to present value as necessary, may be considered only to the extent that they bear upon the fair value of the leasehold interest at the time of the condemnation.”
(Citations omitted) (emphasis in original).
The circuit court, as well as this court, is bound by the decisions of our supreme court. Ala.Code 1975, § 12-3-16. It is clear that the trial court did not comply with the methods expressed in Drummond. Consequently, in light of the foregoing, we find that the circuit court committed reversible error in its apportionment of the condemnation proceeds between the owner and the leaseholder.
The trial court’s judgment is due to be reversed and remanded for proceedings consistent with the above.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
REVERSED AND REMANDED.
All the judges concur.