725 So.2d 257 (1997)
Ex parte R.B.Z. and C.Z.
(Re R.B.Z. and C.Z. v. Warwick Development Company, et al. and R.B.Z. v. Warwick Development Company).
1961136.
Supreme Court of Alabama.
December 19, 1997.
*258 J. Gusty Yearout and John G. Watts of Yearout, Myers & Traylor, P.C., Birmingham, for petitioners.
Connie Ray Stockham and K. David Sawyer of Stockham & Stockham, P.C., Birmingham, for respondent Warwick Development Company.
James S. Lloyd and Laura C. Nettles of Lloyd, Schreiber & Gray, P.C., Birmingham, for respondents Bentwood Apartments, James Marshall Grayson, Jr., and Mary Louise Carr.
Michael B. Maddox and M. Brian Slaughter of Maddox, Austill & Parmer, P.C., Birmingham, for respondent Carol R. "Lynn" Black.
ALMON, Justice.
This petition for the writ of mandamus presents a unique question regarding the appellate jurisdiction of the Court of Civil Appeals and the appellate jurisdiction of this Court. The facts of the underlying case were set out in an opinion by the Court of Civil Appeals reversing a summary judgment for the defendants. R.B.Z. v. Warwick Dev. Co., 681 So.2d 566 (Ala.Civ.App.1996). This Court denied a petition for a writ of certiorari, Ex parte Warwick Dev. Co., 681 So.2d 569 (Ala.1996), and the cause was returned to the circuit court. On that remand, all the defendants except for Thomas Black filed motions for partial summary judgment, requesting that the circuit court enter an order limiting the plaintiffs' damages to no more than $50,000 each. The circuit court granted the defendants' motions and denied the plaintiffs' motion to amend their complaint.
The plaintiffs petition for a writ of mandamus directing the circuit court to set aside its order limiting damages and its denial of the motion to amend the complaint. They argue that they should not be precluded from claiming more than $50,000 in damages simply because they appealed to the Court of Civil Appeals from a summary judgment and marked the box on the notice of appeal indicating that the claim was within the jurisdictional limits of that court. See Ala.Code 1975, § 12-3-10. The complaint and its amendments that are before us as exhibits to the petition for the writ of mandamusand that presumably were part of the record on appeal to the Court of Civil Appealsdemand judgment against the defendants in an amount greater than $50,000.
The defendants respond by arguing that, by invoking the jurisdiction of the Court of Civil Appeals, the plaintiffs have limited their claim to an amount within the jurisdictional limits of that court.
The appellate jurisdiction of the Supreme Court and the Court of Civil Appeals derives from §§ 6.02 and 6.03 of the Judicial Article, Amendment 328 to the Alabama Constitution of 1901. Section 6.02(b) of that amendment states that the Supreme Court of Alabama "shall have original jurisdiction ... (2) to issue such remedial writs or orders as may be necessary to give it general supervision and control of courts of inferior jurisdiction." Section 6.02(c) states that this Court "shall have such appellate jurisdiction as may be provided by law." Section 6.03(b) of Amendment 328 states that the Court of Civil Appeals "shall consist of such number of judges as may be provided by law and shall exercise appellate jurisdiction under such terms and conditions as shall be provided by law and by rules of the supreme court."
Section 12-3-10, Ala.Code 1975, governs the appellate jurisdiction of the Court of Civil Appeals. It states:
"The Court of Civil Appeals shall have exclusive appellate jurisdiction of all civil cases where the amount involved, exclusive of interest and costs, does not exceed $50,000, all appeals from administrative agencies other than the Alabama Public Service Commission, all appeals in workers' compensation cases, all appeals in domestic relations cases, ... and all extraordinary writs arising from appeals in said cases. Where there is a recovery in the court below of any amount other than costs, the amount of such recovery shall be deemed to be the amount involved; otherwise, the amount claimed shall be deemed to be the amount involved; except, that in *259 actions of detinue the alternate value of the property as found by the court or jury shall be deemed to be the amount involved."
(Emphasis added.)
The jurisdiction of the Supreme Court is provided for in § 12-2-7, Ala.Code 1975:
"The Supreme Court shall have authority:
"(1) To exercise appellate jurisdiction coextensive with the state, under such restrictions and regulations as are prescribed by law....
"....
"(3) To issue writs of injunction, habeas corpus, and such other remedial and original writs as are necessary to give to it a general superintendence and control of courts of inferior jurisdiction.
"....
"(6) To transfer to the Court of Civil Appeals, for determination by that court, any civil case appealed to the Supreme Court and within the appellate jurisdiction of the Supreme Court, except the following:
"a. A case that the Supreme Court determines presents a substantial question of federal or state constitutional law.
"b. A case that the Supreme Court determines involves a novel legal question, the resolution of which will have significant statewide impact.
"....
"(7) To exercise such other powers as are or may be given to the Supreme Court by law."
If on a notice of appeal an appellant erroneously designates the court to which the appeal is taken, the appellate court to which the appeal is taken "shall" transfer the case to the proper court:
"When any case is submitted to the Supreme Court which should have gone to one of the courts of appeals or is submitted to one court of appeals when it should have gone to the other, it must not be dismissed but shall be transferred to the proper court; and, when any case is submitted to a court of appeals which should have gone to the Supreme Court, it shall be transferred to the Supreme Court."

§ 12-1-4, Ala.Code 1975 (emphasis added). This statute was applied in Great Central Ins. Co. v. Edge, 292 Ala. 613, 298 So.2d 607 (1974); Tarver v. Household Fin. Corp., 291 Ala. 25, 277 So.2d 330 (1973), overruled on other grounds by Drill Parts & Service Co. v. Joy Mfg. Co., 619 So.2d 1280, 1288 (1993); American Pamcor, Inc. v. Evans, 288 Ala. 416, 261 So.2d 739 (1972); Kelley v. Housing Auth. of the City of Bay Minette, 288 Ala. 575, 263 So.2d 674 (1972). Today, such transfers are made so routinely, when necessary, that the reported decision would ordinarily not mention the transfer.
Rule 3(c), Ala. R.App. P., provides:
"Form and Content of Notice of Appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. Such designation of judgment or order shall not, however, limit the scope of appellate review.

"If the notice of appeal names the wrong appellate court to which the appeal is taken, such designation shall be treated as a clerical mistake and corrected accordingly. The necessary clerical steps shall be taken to docket the appeal and to file the record and briefs in the appropriate appellate court."
(Emphasis added.)
Just as the designation of the judgment does not limit the scope of appellate review, the designation in the notice of appeal of the amount in controversy does not supersede the record as the determinant of the amount in controversy. The question whether this Court or the Court of Civil Appeals has jurisdiction over an appeal is governed by the record, not the notice of appeal. "In the absence of a judgment fixing the amount of recovery, the amount claimed in the pleadings is the only guide by which jurisdiction as between this Court and the Court of Civil Appeals may be determined." Harper v. Regency Dev. Co., 399 So.2d 248, 261 (Ala.1981) (opinion on rehearing); Prescott v. Furouzabadi, 485 So.2d 707, 709 (Ala. *260 1986); Kirk v. Griffin, 667 So.2d 1378 (Ala. Civ.App.1995).
The only way the Court of Civil Appeals may take jurisdiction over a matter not expressly assigned to that court by § 12-3-10 is by a transfer pursuant to § 12-2-7(6), a transfer commonly called "deflection." The plaintiffs incorrectly argue that the statute permitting deflection gives this Court and the Court of Civil Appeals concurrent jurisdiction over all matters not covered by § 12-3-10. Deflection is provided by § 12-2-7(6), which allows this Court to grant the Court of Civil Appeals jurisdiction over a case that this Court deflects to that court, provided the case does not fall into one of the exceptions listed. The Court of Civil Appeals does not have jurisdiction over an appeal outside the scope of § 12-3-10 unless and until this Court transfersdeflectsthat appeal to it.
A court is without authority to render a judgment in a case in which it does not have subject matter jurisdiction. In Ex parte Tubbs, 585 So.2d 1301 (Ala.1991), the Court stated:
"Initially, we note that the question of jurisdiction is always fundamental. State v. Albritton, 251 Ala. 422, 37 So.2d 640 (1948).
"`It would amount to usurpation and oppression for a court to interfere in a matter over which it has no jurisdiction, and its pronouncements in respect thereto would be without force, and its decrees and judgments would be wholly void. This is a universal principle, as old as the law itself; hence the question of jurisdiction is a question of primary importance in every case, and, if there is an absence of jurisdiction over the subject-matter, this ends the inquiry; it cannot be waived or supplied by consent.

"Albritton, 251 Ala. at 424-25, 37 So.2d at 642-43, quoting Wilkinson v. Henry, 221 Ala. 254, 128 So. 362, 364 (1930). (Citations omitted.)"
585 So.2d at 1302.
The complaint that is before us as an exhibit to the petition makes it appear that the Court of Civil Appeals did not have jurisdiction to entertain the appeal from the summary judgment, because the amount claimed in the complaint was more than $50,000.
The plaintiffs argue that this concern over the jurisdiction of the Court of Civil Appeals is unimportant, because, they say, this Court will have the opportunity to correct "errors" in an opinion of the Court of Civil Appeals when the losing party in that court petitions for a writ of certiorari. However, the availability of certiorari review does not somehow provide for the Court of Civil Appeals jurisdiction that does not otherwise exist.
This Court did not have the record when it reviewed the certiorari petition filed by Warwick Development Company; indeed, by denying the writ, this Court declined to order the Court of Civil Appeals to transfer the record to this Court. Thus, the question regarding the jurisdiction of the Court of Civil Appeals to entertain that appeal is now before us for the first time. Moreover, our denial of certiorari review should not be considered a ruling on the merits of the controversy. Ex parte Cason, 515 So.2d 725 (Ala. 1987); Ex parte Glasco, 513 So.2d 61 (Ala. 1987); Ex parte McDaniel, 418 So.2d 934 (Ala.1982).
Section 12-3-15, Ala.Code 1975, provides for the transfer to this Court of appeals pending in the Court of Civil Appeals. Section 12-2-7(3) gives this Court authority to issue "such ... remedial and original writs as are necessary to give to it a general superintendence and control of courts of inferior jurisdiction." Pursuant to the authority granted by § 6.02(b)(2) of Amendment 328 of the Alabama Constitution of 1901, as well as the authority granted by §§ 12-1-4, 12-2-7(3), and 12-3-15, Ala.Code 1975, and by Rule 3(c), Ala, R.App. P., we hereby order the Court of Civil Appeals to transfer to this Court the record, the briefs, and any other materials concerning the appeal that was the subject of the opinion reported in R.B.Z. v. Warwick Dev. Co., 681 So.2d 566 (Ala.Civ. App.1996). The judgment of reversal entered by the Court of Civil Appeals in that appeal is hereby held in abeyance pending our review of the record to ascertain whether the amount in controversy exceeded the jurisdictional *261 limits of that court, as the materials before us indicate. If the appeal was improperly filed in the Court of Civil Appeals, then this Court will proceed to address it as though it had been transferred here at the proper time.
ORDER ISSUED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, COOK, BUTTS, and SEE, JJ., concur.