(94 South. 191)

### PHILIPS v. SMITH. (7 Div. 801.)

(Court of Appeals of Alabama.   Oct. 31, 1922.)

**1. Appeal and error ⬿1011(1)—Judgment on conflicting evidence not to be disturbed.**

The judgment of a trial court, who saw and heard the witnesses, will not be disturbed unless plainly erroneous.

**2. Evidence ⬿584(3)—Number of witnesses does not establish claim.**

Neither the trial nor appellate court is in any sense bound to accept defendant's theory because of the number of witnesses offered by him.

Appeal from Circuit Court, Clay County; W. L. Longshore, Judge.

Action by Forney Philips against J. J. Smith. From judgment for plaintiff, defendant appeals. Affirmed.

R. G. Rowland, of Ashland, for appellant.

Lackey, Pruet & Glass, of Ashland, for appellee.

BRICKEN, P. J. This suit originated in the justice court of beat 1 (Delta) in Clay county. From a judgment in favor of plaintiff in said court, defendant appealed to the circuit court, where the cause was tried by the court without the intervention of a jury, and, after hearing the evidence, it rendered judgment in favor of plaintiff, and defendant appeals.

There are five assignments of error. Each of them, however, relate to the findings of the court upon the facts. All other questions therefore are expressly waived.

[1] The evidence adduced upon the trial of this case was in sharp conflict. That offered by the plaintiff tended to make out his case, and, we think, fairly supports the finding of the court in rendering judgment in plaintiff's behalf. The witnesses were examined orally. The trial court therefore saw and heard the witnesses and could observe their demeanor on the stand, an advantage

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

not possessed by this court. The general and oft-announced rule is that, where this is true, the appellate court will not disturb a judgment found upon such evidence, unless it plainly appears erroneous. We do not think the judgment rendered by the trial court is so palpably erroneous as to justify this court in setting it aside.

[2] The trial court, nor this court, is in no sense bound to accept defendant's theory because of the number of witnesses offered by him. There is no merit in this insistence.

The judgment appealed from is affirmed. Affirmed.