219 So.2d 390

**STATE of Alabama**

**v.**

**CREOLA INVESTMENT CORPORATION et al.**

**I Div. 514.**

Supreme Court of Alabama.

Feb. 13, 1969.

Harry D. Hardy and Herndon H. Wilson, Mobile, for appellant.

T. Massey Bedsole and Edmund R. Cannon, Jr., of Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellee Creola Investment Corp.

MERRILL, Justice.

This appeal is from a judgment of condemnation of 42.87 acres of land for a highway right of way in which the amount of damages in favor of the appellee-landowner was set at $55,000. A motion for a new trial was overruled.

The land involved was necessary to construct a highway interchange on a limited access highway now being built through Mobile County, known as Interstate 65. The land is located north of Mobile just outside a little community known as Pennsylvania. The 42.87 acres taken include 2,010 feet of highway frontage on the existing four-lane, paved U. S. Highway 43.

■ Appellant has a single assignment of error—that the court erred in denying appellant's motion for a new trial. Under such an assignment, we consider only those grounds of the motion argued by appellant in his brief. Thrasher v. Darnell, 275 Ala. 570, 156 So.2d 922.

As we interpret the argument in brief, appellant argues only those grounds which raise the questions of excessiveness of the verdict and weight of the evidence.

. Only five witnesses testified in the case, three for the State, two for appellees.

Appellant's first witness was an assistant right of way engineer, who described the entire tract, the tract taken and the topography of the land, but did not testify as to value.

■ The rule of compensation in a condemnation proceeding in this State where only a part of a tract is taken is that the owner is entitled to the difference between the value of the entire tract immediately before the taking and the value of the part remaining after the taking, giving effect to any enhancement in value to the part remaining in case the condemnation was for a public highway. State v. Goodwyn, 272 Ala. 618, 133 So.2d 375; St. Clair County v. Bukacek, 272 Ala. 323, 131 So.2d 683; State v. Stoner, 271 Ala. 3, 122 So.2d 115.

Appellant's first appraiser, D. C. Coleman, fixed the value of the entire tract, 270 acres, prior to the taking at $150,900, and after the taking at $145,950, a difference of $4,950. The other appraiser, C. M. Hamilton, fixed the "before" value at $130,200 and the "after" value at $132,200, concluding that the property was enhanced by $2,000 after the 42.87 acres were taken.

Appellees' first witness was an engineer and surveyor, who identified some maps he had prepared and the topography of the land, but did not testify as to value.

Appellees' appraiser, W. T. Pierce, fixed the value of the entire tract prior to the taking at $357,250, and after giving consideration to any enhancement to that remaining, he fixed that value at $246,450, and testified that the damages figured $110,800.

■ The amount of the award was peculiarly the prerogative of the jury to determine. We find no basis for saying that under the evidence the amount to appellees was so high as to show bias, passion, prejudice, corruption or other improper motive on the part of the jury. The trial court's conclusion that the award was not excessive

and the overruling of the motion for a new trial lends strength to our holding. State v. Ryan, 281 Ala. 444, 203 So.2d 681; State v. Huggins, 280 Ala. 538, 196 So.2d 387. The trial court did not err in refusing to grant appellant a new trial on the ground the verdict was excessive.

Appellant's argument on the weight of the evidence centers chiefly on the fact that the State called two experts, while the appellees called only one, and that appellees' expert was not as qualified as were the two who testified for the State.

Neither the trial court nor the appellate court is in any sense bound to accept one party's theory because of the number of witnesses offered by him. Philips v. Smith, 18 Ala.App. 668, 94 So. 191.

Appellees' expert, Pierce, testified he had been in the real estate business in Saraland, Alabama, for 25 years, was familiar with the values of land in this area, that he has represented sellers and purchasers in connection with real estate in the area of the lands involved in this case, that he is familiar with values in this area, that he had handled sales of residential and commercial properties, that he has been familiar with subject property for the past 25 years, that most of his business is in the area of subject property, that he operates primarily in north Mobile County, which is Saraland, Satsuma and that area.

Moreover, there were no objections to Pierce's qualifications and no objections to his testimony as to the value of the tract, before and after, or to his opinion as to the amount of damages. There was no ruling of the trial court on which appellant could base a charge of error.

A verdict is not to be set aside merely because it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence. T. R. Miller Mill Co. v. Ralls, 280 Ala. 253, 192 So.2d 706; Locklear v. Nash, 275 Ala. 95, 152 So.2d 421.

The trial court did not err in refusing to grant the motion for a new trial on the question of the weight of the evidence.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and HARWOOD, JJ., concur.