SHORES, Justice.
The following is a summary of facts contained in the opinion of the Court of Civil Appeals. See Weldon v. State, 495 So.2d 1113 (Ala.Civ.App.1985).
The State filed an application to condemn land for use as a public highway in Elmore County. The property cuts across three lots — B, C, and D — which were deeded by a common grantor to his children. The three lots have been used in conjunction with two other similarly granted lots — A and E — as a single farming unit (called Penick Bend) for more than forty years. The proposed right-of-way would consume approximately .16 acre of Lot B, 10.19 acres of Lot C, and 9.47 acres of Lot D. See the diagram included with the opinion of the Court of Civil Appeals.
After a hearing, the probate court entered condemnation orders, setting compensation at $25,381.76 for Lot B, $36,775.84 for Lot C, and $35,957.92 for Lot D. The State appealed each order to the circuit court, where the jury returned a verdict setting compensation for Lot B at $7,400.00, from which the owners of Lot B appealed. (The trial court stayed proceedings on Lots C and D, pending the outcome of this appeal.) The Court of Civil Appeals affirmed in part, reversed in part, and remanded for a new trial. This petition for writ of certiorari followed and was granted.
The landowners raise a number of issues, but we address only the issue of whether certain evidence regarding the use of Lot B is admissible to determine compensation. Specifically, the question is whether the owners can introduce evidence showing that the highest and best use of Lot B was in conjunction with Lots A, C, D, and E as a single farm unit irrigated by a single center-pivot irrigation system. The Court of Civil Appeals held that the trial court erroneously excluded evidence offered to *1122 show that the highest and best use of Lot B was in conjunction with Lots A, C, D, and E as one single farm unit. The court rejected the lower court’s explanation that such evidence was too speculative, noting that the lots had been used together as a single farm for over forty years and that plans were underway for installing a central irrigation system covering the five lots. The court stated that “the issue as to what effect this use might have on the market value of Lot B became one for the jury to consider when setting just compensation.”
The landowners, however, contend that the holding is unclear, insofar as it relates to the central irrigation system, because of a passage further in the opinion:
“Lot B, by the owners’ admission, could not be used separately with a C-P [center-pivot irrigation] system. Though case law allows consideration of the highest and best use to which a property is reasonably adaptable, see, e.g., State v. Goodwyn [272 Ala. 618, 133 So.2d 375 (1961) ], Lot B was not reasonably adaptable to the use of a C-P system. It is now and always was impossible to use the C-P system with the single tract, Lot B.”
The landowners request a definitive ruling on whether evidence of the central irrigation system is admissible to show the highest and best use of Lot B.
In its opinion, the Court of Civil Appeals noted that the center-pivot irrigation system was to be a significant part of the farming unit. As an improvement, it would enhance the value of the entire farm. Furthermore, we note that the value of the individual lots, including Lot B, would be enhanced as a consequence. Therefore, to promote clarity in the trial on remand, we hold that evidence of the irrigation system’s effect on the value of the five lots used together as a single farm is admissible for the purpose of showing the highest and best use of Lot B. In other words, the landowners may offer evidence to show that the center-pivot irrigation system, used in conjunction with the five lots together, would enhance the value of Lot B. Insofar as the opinion below holds otherwise, it is hereby modified.
We affirm the judgment of the Court of Civil Appeals on all other issues.
OPINION OF THE COURT OF CIVIL APPEALS MODIFIED; AFFIRMED.
TORBERT, C.J., and JONES, ALMON, ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX and BEATTY, JJ., concur specially.