MONROE, Judge.
This is an appeal from a judgment based on a jury verdict determining the value of a piece of real property in a condemnation case.
In July 1991, Jefferson County filed a complaint in the probate court for the condemnation of certain lands owned by Helen Nice *571 Moss for the construction, expansion, and maintenance of the Turkey Creek Solid Waste Landfill. In October 1991, the commissioners appointed by the probate court to determine the amount of compensation due to Moss filed their report, fixing the amount of compensation at $105,000. The probate court subsequently entered a judgment in that amount and ordered condemnation of the property. Jefferson County paid this amount of money into the probate court.
On November 4, 1991, Moss appealed to the Circuit Court of Jefferson County for a trial de novo and demanded a trial by jury on the issue of compensation. On December 23, 1991, upon consent of the county, the court allowed Moss to withdraw $99,863 from the funds the county had paid into the court. The case was tried before a jury in June 1994. On June 9, the jury assessed damages at $28,000. On June 30, the trial court ordered condemnation of the property and directed Moss to repay the county $71,863, plus interest in the amount of $22,996, as the difference in the amount awarded her by the jury and the amount she had withdrawn from the court account in 1991. Moss then filed a motion for a new trial, which the trial court denied. Moss appeals.
Moss contends that the jury verdict is inadequate and is not supported by the evidence. She claims that the amount of the verdict indicates that the jury improperly failed to consider evidence of coal reserves on the property and the use of the property as a landfill as its highest and best use in determining the value of the property.
“In condemnation cases, the trial court’s judgment is to be affirmed unless the verdict is not supported by competent evidence, is against the preponderance of the evidence, or is palpably wrong and manifestly unjust.” State Highway Department v. Lawford, 611 So.2d 285, 287 (Ala.1992). “When a verdict or award is within the range between the highest value placed on the land by the landowner’s witnesses and the lowest value put on it by the State’s witnesses, the trial court’s award should not be disturbed.” Id. See also Tate v. Loper, 459 So.2d 892 (Ala.Civ.App.1984). This is especially true where there is a jury verdict and the trial court refuses a motion for a new trial. State v. Shepard, 411 So.2d 132 (Ala.1982).
The county’s expert appraiser testified that the fair market value of the property was $28,000. He testified that, since the entry of the judgment in the probate court, he had further investigated the possibility of coal reserves on the property and had determined that this possibility was speculative, if not completely nonexistent. He testified that, in his opinion, the highest and best use of the land would be for timber production. Moss’s experts testified that the value of the property was much greater, more in the range of $1.3 million to $1.6 million, based on the probable existence of coal reserves on the land and on the potential use of the property as a landfill.
Given that the verdict returned by the jury was within the range between the highest value placed on the property by Moss’s experts and the lowest value placed on the property by the county’s expert, we cannot say that the verdict is not supported by competent evidence. Therefore, we find no error in the trial court’s refusal to grant Moss a new trial on the ground of inadequacy of the verdict. Because there was conflicting evidence of the existence of coal reserves on the property, we cannot say that the jury erred in not considering the effect of the alleged coal reserves on the value of the property.
As for Moss’s argument that the jury, in placing a value on the property, erred in not considering the potential lucrative use of the property as a landfill, we note that, for purposes of determining the value of a piece of condemned property, § 18-1A-I73(a)(1), Ala.Code 1975, reads, “The fair market value of the property does not include an increase or decrease in value before the date of valuation that is caused by ... [t]he proposed improvement or project for which the property is taken.” There is no evidence in the record that Moss actually had a permit to operate the property as a landfill before the condemnation action. Therefore, that potential value of the property cannot be considered.
*572 Next, Moss contends that the county’s closing argument contained statements that were so inflammatory as to create bias, prejudice, and intemperance.
The attorney for the county, during closing arguments, said:
“We, the county, are asking you to pay $28,000.00 for this property.... But, you know today, we see so much about what’s going on in our society and how government gets ripped off. How government pays $800.00 for a screwdriver.
[[Image here]]
“The value of this property at the time that it was acquired by Jefferson County, was worth what that land, that raw land was worth. You have the power just to say no, we’re not going to pay a premium for this property. Where’s it all going to end? You have the power, you can send the message back.”
Moss’s attorney objected to the statements, and the trial court sustained those objections. Moss’s attorney did not request any further action by the trial court. “A party who invokes no further action by the trial court after his objection to closing argument has been sustained, thereby indicating his satisfaction with the trial court’s ruling, cannot later complain of the trial court’s failure to do what it was not asked to do.” CSX Transportation, Inc. v. Day, 613 So.2d 883, 885 (Ala.1993). Therefore, we find no error in the trial court’s sustaining the objections posed by Moss’s attorney and taking no further action.
The final issue Moss raises on appeal is whether the trial court erred in requiring Moss to repay to the county the difference between the amount of compensation awarded by the jury and the amount of money she had withdrawn from the court account after the original probate court judgment. Moss contends that she should not be required to repay this money because the county approved the withdrawal. However, she cites no authority for this argument.
Pursuant to § 18-1A-283, Ala. Code 1975, an appeal from the judgment of a probate court after the entry of an order of condemnation is an appeal de novo to the circuit court. The judgment in the probate court has no effect on the proceedings in circuit court and a completely new hearing is held. See Cloverleaf Land Co. v. State, 276 Ala. 443, 163 So.2d 602 (1964). Therefore, although Moss had a judgment in the probate court for $105,000 and in fact withdrew some of the money paid into the court from that judgment, she gave up all rights to that judgment when she appealed to the circuit court for a trial de novo. Indeed, once Moss appealed to the circuit court, the judgment of the probate court was vacated and any proceeding for distribution of the funds was withdrawn from the probate court and became vested in the circuit court. Williams v. Jefferson County, 261 Ala. 76, 72 So.2d 920 (1954). Moss is not entitled to select the more favorable of the two judgments; she is bound by the judgment in the circuit court. The amount of the judgment of the probate court is paid into the court merely to allow the condemnor the right of entry onto the land pending the appeal. Cloverleaf Land Co., supra.
Additionally, § 18-1A-212, Ala.Code 1975, provides that a judgment in a condemnation proceeding shall credit against the amount of compensation due to the condemnee any payments made before the entry of judgment as compensation for the property plus any funds that the condemnee withdrew from money deposited by the condemnor. If this amount already paid to the condemnee or withdrawn by the condemnee exceeds the total amount awarded by the court as compensation, the condemnee must repay the excess. Because Moss withdrew funds before the trial de novo and the subsequent judgment in the circuit court, and the amount withdrawn exceeds the amount awarded by the trial court as compensation, Moss must repay these funds, pursuant to § 18-1A-212. We find no error in the trial court’s order requiring her to do so.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.