CRAWLEY, Judge.
The appellee, the Birmingham Airport Authority, a public corporation (the “Authority”), filed an application for condemnation in the Probate Court of Jefferson County, Alabama. After the probate court entered an order condemning the property described in the complaint, the probate court appointed commissioners to assess the value of all parcels, and they assessed the value of compensation for the parcel in question at $1,350. The Authority paid into court the amount of compensation awarded and an additional sum of $1,353 for commissioner’s fee, guardian ad litem fee, publication costs, and other miscellaneous court costs. The appellant, Craig T. Doughty (the “lienholder”), held a lien on the parcel in question by virtue of a civil judgment. Pursuant to Ala.Code 1975, § 18-1A-291, the lienholder filed a claim for distribution to determine the amount he was due because of his lien. The probate court entered an order assessing $890.80 of the award of $1,350 to the lienholder and assessing the balance of $459.20 as court costs. The probate court taxed an additional $25 to the lienholder when it denied the lienholder’s motion for retaxation of costs.
Pursuant to Ala.Code 1975, § 12-22-2, the lienholder appealed to this court.
The issue presented is whether the probate court erred in assessing costs to the lienholder arising from his claim for distribution. We hold that it did, and we reverse the judgment of the probate court.
The Alabama Eminent Domain Code, Ala.Code 1975, § 18-1A-1 et seq. (the “Act”), “provides standards for the acquisition of property by condemnors, the conduct of condemnation actions, and the determination of just compensation.” Ala.Code 1975, § 18-1A-2.
The Authority contends that it is responsible only for the costs incurred in bringing the matter to an order of condemnation, which being final, terminates its interest in the action. This contention overlooks the definition of “Condemnation Action” found in § 18-1A-3(5), which states that it “[(Includes all acts incident to the process of condemning property after commencement of suit.” (Emphasis added.)
The Act also provides in § 18-1A-293 for the assessment of costs; that section states in pertinent part:
“The costs of the complaint and proceedings thereunder, including the compensation of commissioners, must be adjudged and assessed against the plaintiff and its surety for costs for which execution may issue.”
(Emphasis added.)
The Authority’s contention also overlooks the nature of condemnation proceedings *432 wherein the amount of the award in the probate court may be modified upon appeal to the circuit court.
First, if the action is wholly or partially dismissed for any reason by the plaintiff, the court shall award the defendant his or her litigation expenses. Ala.Code 1975, § 18-1A-232(a).
Second, § 18-1A-214(a) requires that “the plaintiff shall pay the full amount required by the judgment.” Section 18-1A-211(a) clearly shows that the reference to payment contained in § 18-1A-214 refers to a judgment in the circuit court. Thus, if the amount of the jury award in the circuit court is greater than the amount of the award in the probate court, the plaintiffs responsibility for paying the “full amount” continues long after the probate court enters its order of condemnation. Likewise, if the jury verdict in the circuit court is less than the probate court award and the defendant had received the proceeds of the award in the probate court, the defendant would owe the plaintiff the difference.
Recently, this court, applying § 18-1A-212, held that the trial court was correct “in requiring [the landowner] to repay to the county the difference between the amount of compensation awarded by the [circuit court] jury and the amount of money [the landowner] had withdrawn from the court account after the original probate court judgment.” Moss v. Jefferson County, 674 So.2d 569 (Ala.Civ.App.1995).
Despite the clear language contained in the sections discussed above, the Authority contends that § 18-1A-292 applies. The first sentence of § 18-1A-292 states:
“The probate court may, in the event no such claims are filed by any of such parties and where the probate court is doubtful as to a proper division, require the parties in interest to propound their claims and to hear evidence upon the same in order that the probate court may determine to what part or proportion of said award each of said parties may be rightly entitled.”
The second sentence of § 18-1A-292 states:
“No division or partition for distribution shall be made by the probate court under this section when any adverse claim or title is asserted by any one of the interested parties, which involves the determination of the title to land, and the procedure for partition or distribution under this section shall follow as near as may be the manner provided for the partition of property in chapter 6 of Title 35; except, that no parties in interest shall be added over the objection of any party to those made defendants in the application to condemn, and the hearing shall be confined to such parties so named or added without objection; and when any claim is denied by any party in interest, which involves the determination of the title to land, the probate court shall transmit to the circuit court the said claims and denials filed in the probate court and also the amount of the commissioners’ award, less the proper court costs arising from the filing of such claims and denials; and the circuit court shall proceed to determine the matter as provided by law.”
(Emphasis added.)
The first sentence of § 18-1A-292, quoted above, applies only “in the event no such claims are filed by any of such parties and where the probate court is doubtful as to a proper division.” In the instant case, the lienholder filed a claim for distribution; therefore, the first sentence does not apply.
The second sentence does not apply, because the lienholder’s claim did not involve the determination of title to the land in question and the claim was not transferred by the probate court to the circuit court for its determination. Instead, the lienholder filed the appeal with this court.
The judgment of the probate court is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.