The question presented in the petition for the writ of mandamus is whether the statute governing venue of quo warranto
proceedings, Ala. Code 1975, § 6-6-591, governs the cause below and requires a transfer of that cause from the Circuit Court of Montgomery County to the Circuit Court of Lee County.
A complaint was filed in the Circuit Court of Montgomery County by Charles Langford, individually and in his official capacity as a member of the Alabama Senate; Robert Lowder and James T. Tatum, each individually and "in his official capacity as a member of the Auburn University Board of Trustees"; and "each of them on behalf of the State of Alabama pursuant to [Ala. Code 1975,] § 6-6-595." Named as defendants were
 "Fob James, individually and in his official capacity as Governor of Alabama and a member of the Auburn University Board of Trustees; Albert McDonald, individually and as a person lacking any official capacity, but nevertheless attempting to hold office as a member of the Auburn University Board of Trustees, and Phil Richardson, individually and as a person lacking any official capacity, but nevertheless attempting to hold office as a member of the Auburn University Board of Trustees."
The complaint alleges that the defendants have attempted to oust the plaintiffs from their positions as members of the Auburn University Board of Trustees. The first count of the complaint commences an action of quo warranto, and concludes:
 "Wherefore, pursuant to Code of Ala. 1975, § 6-6-600, Plaintiffs respectfully demand judgment that Defendants McDonald and Richardson are guilty of usurping or intruding into or unlawfully holding or exercising an office from which they should be excluded, namely that of membership upon the Auburn University Board of Trustees, and pray for entry of a judgment that Defendants McDonald and Richardson be excluded from this office, and that costs be recovered against them."
A second count of the complaint seeks declaratory and injunctive relief.
The defendants responded with a motion to transfer the action to the Circuit Court of Lee County, citing, among other things, § 6-6-591(c), Ala. Code 1975. The circuit court denied the motion to transfer.
Section 6-6-591 provides, in pertinent part:
 "(a) An action may be commenced in the name of the state against the party offending in the following cases:
 "(1) When any person usurps, intrudes into or unlawfully holds or exercises any public office, civil or military, . . . or any office in a corporation created by the authority of this state;
". . . .
". . . .
 "(c) An action under this section must be commenced in the circuit court of the county in which the acts are done or suffered or, if to try the right to a corporate office, in the circuit court of the county in which the corporation has its principal office or, if it has no principal office, in any county in which it does business."
(Emphasis added.)
The Board of Trustees of Auburn University constitutes a "body corporate":
 "The Governor and the State Superintendent of Education by virtue of their respective offices, and the trustees appointed from the different congressional districts of the state, under the provisions of Section 266[1] of the Constitution of 1901, and their successors in office, are constituted a body corporate under the name of Auburn University. . . ."
Ala. Code 1975, § 16-48-1. The main campus and the administrative offices of Auburn University are in Lee County, and the motion to dismiss asserts, without contradiction by the plaintiffs, that the June 1996 meeting of the Board of Trustees referred to in the complaint *Page 1317 
occurred in Lee County. "The Board of Trustees of Auburn University shall hold its regular annual meeting at theinstitute [i.e., at Auburn University, formerly Alabama Polytechnic Institute] on the first Monday in June, unless the board shall, in regular session, determine to hold its meeting at some other time and place." Ala. Code 1975, § 16-48-7
(emphasis added).
We are clear to the conclusions that the plaintiffs' quowarranto action is an action "to try the right to a corporate office" within the meaning of § 6-6-591(c); that "the corporation has its principal office" in Lee County; and that, therefore, venue of the quo warranto action is in Lee County. The plaintiffs argue that their complaint alleges wrongful "acts . . . done or suffered" in Montgomery County and that, therefore, § 6-6-591(c) allows this action to be brought in Montgomery County. Even if some acts germane to the cause of action took place in Montgomery County, we hold that the specific provision of § 6-6-591(c) regarding actions to try the right to a corporate office govern, in this case, over the general provision regarding acts done or suffered. As a matter of statutory construction, specific provisions ordinarily govern over general ones. Murphy v. City of Mobile,504 So.2d 243 (Ala. 1987).
"[Q]uo warranto, not declaratory judgment, is the exclusive remedy to determine whether or not a party is usurping a public office." Reid v. City of Birmingham, 274 Ala. 629, 638,150 So.2d 735, 743 (1963); Ex parte Sierra Club, 674 So.2d 54, 57
(Ala. 1995); Talton v. Dickinson, 261 Ala. 11, 72 So.2d 723
(1954). The essence of the complaint is the assertion that the defendants Richardson and McDonald are attempting to usurp Lowder and Tatum's positions as members of the Board of Trustees of Auburn University. Thus, § 6-6-591(c), providing for venue of quo warranto actions, governs the venue of this action.
We note that Rule 81(a), Ala. R. Civ. P., provides, in pertinent part: "In the following proceedings, these rules shall be applicable to the extent that the practice in such matters is not provided by statute: . . . (23) Quo warranto or actions in the nature thereof" (emphasis added). Of course, venue of quo warranto actions is provided by statute, in §6-6-591(e).
The cause is due to be transferred to the Circuit Court of Lee County. That court may entertain any incidental request for declaratory, injunctive, or other relief necessary to effectuate its judgment.
WRIT GRANTED.
HOOPER, C.J., and SHORES, HOUSTON, and COOK, JJ., concur.
INGRAM and BUTTS, JJ., dissent.
MADDOX, J., recuses.
[1] Amendment 161 repealed § 266 of the Constitution and adopted replacement provisions. Section 16-48-1 of the Code corresponds to the provisions of Amendment 161, except for the outdated citation to § 266 of the Constitution.