The majority opinion reverses the judgment of the Court of Civil Appeals to the extent it remanded this cause for the trial court to consider the theory of failure of consideration as to the conveyance of J.L. Wade's interest. The majority bases its conclusion upon the unavailability of § 8-9-12, Ala. Code 1975, providing a remedy for annulment of a deed. According to the majority opinion, the exclusive remedy for a grantor's dissatisfaction with consideration based upon a promise to support the grantor during his or her lifetime is an action brought by the grantor during his or her lifetime. Because Mr. Wade brought no action during his lifetime, the *Page 1227 
majority reasons that this exclusive remedy is no longer available, and it thereby adjudicates the merits of Mr. Wade's claim.
In her brief in opposition to the petition for a writ of certiorari, Mrs. Wade asks us to uphold the trial court's summary judgment in her favor as to both her interest and Mr. Wade's interest. However, because she did not cross-petition for certiorari review, we cannot award such relief. Mrs. Wade also contends that the issue of failure of consideration was tried by consent by reason of Alexander's failure to object to the "abundance of evidence presented directly on this issue [failure of consideration]." However, that contention assumes that the merits of Mr. Wade's claim are before us.
Mrs. Wade brought this action in her individual capacity. It appears from the facts set forth in the opinion of the Court of Civil Appeals that she contended that Alexander, her son-in-law, had promised to support the survivor of Mr. and Mrs. Wade and that, until the death of her husband, followed by Alexander's failure to support her, the failure of consideration had not occurred. One might contend that such facts take this claim beyond the reach of § 8-9-12, as the remedy there provided relates to an agreement of the grantee to support the grantor during life. However, we need not reach that question, because Mr. Wade's personal representative is not before the Court. As previously noted, Mrs. Wade brought this action only in her individual capacity.
A claim that the conveyance of Mr. Wade's interest fails for lack of consideration on the theory that a promise made before his death was followed by a failure of consideration after his death, if it gives rise to a cause of action at all, gives rise to a cause of action in the hands of the executor or administrator, and not the widow. An indispensable party, Mr. Wade's personal representative, is not before the Court. SeeFaulkner v. Walters, 661 So.2d 227, 229 (Ala. 1995), where a widow brought an action in her individual capacity to annul a deed she and her husband had given to convey their home place. The widow relied upon § 8-9-12 for annulling her interest and sought the same relief as to the conveyance by her deceased husband, based upon an alleged mental incompetence on his part. The defendants successfully challenged the widow's standing to sue on behalf of her late husband. Thereafter, the complaint was amended to join the executor of the estate of the deceased husband to assert the claim for annulment of the deed by reason of incompetence. This Court ultimately affirmed the trial court's award of relief to the estate of the deceased husband. While the defect of nonjoinder of a party who should be joined under Rule 19, Ala.R.Civ.P., has not been raised by Alexander, this Court can on its own motion raise the failure to join an indispensable party. Jamison, Money, Farmer Co., P.C. v. Standeffer, 678 So.2d 1061, 1067 (Ala. 1996); J.C. JacobsBanking Co. v. Campbell, 406 So.2d 834 (Ala. 1981).
The majority opinion adjudicates any claim that Mr. Wade's estate might have on the merits. In so doing, it overlooks Mrs. Wade's evidence of the nature of the consideration and the absence of an indispensable party. For failure to join an indispensable party, I would reverse the judgment of the Court of Civil Appeals to the extent it remands for further proceedings as to Mr. Wade's conveyance. I would leave the estate with the prerogative of pursuing an action if it sees fit to do so.
Woodall, J., concurs. *Page 1228