PITTMAN, Judge.
This is an appeal of a judgment entered on a jury verdict in a condemnation case. Both the Department of Transportation (“DOT”) and William Oates and Lura Oates appealed to the circuit court an award of damages by the Montgomery County Probate Judge for property condemned for a road project known as the “outer loop.” In accordance with § 18-1A-151, Ala.Code 1975, certain issues— specifically property identification, the highest and best use of the property, and damages — were reserved for the jury to determine. DOT and the Oateses previously stipulated that DOT was entitled to an order of condemnation.
*656 Following their appeal to the circuit court, the Oateses and DOT conducted discovery and proceeded to a jury trial on October 18-20, 2000. Counsel for DOT requested that witnesses be excluded from the courtroom during the testimony of other witnesses. See Rule 615, Ala. R. Evid. The trial court granted this request; however, on the afternoon of the first day of trial, two of the Oateses’ witnesses entered the courtroom during the cross-examination of one of DOT’s witnesses. Neither of the Oateses’ attorneys noticed the presence of the excluded witnesses until court recessed for the day. The following day, upon an objection by DOT’s counsel, the trial court ruled that Oateses’ two expert witnesses, who had violated the rule the previous day, would not be allowed to testify.
During the second day of trial, the Oateses offered a four and one-half minute videotape of the condition of their property prior to its condemnation. The tape contained various views of the Oates’s property, including the mobile homes on the property, the outlying buildings, and the landscaping; these items were the subject of the condemnation action and the focal point of the damages issue.
The jury began deliberations on October 20, 2000. Although the videocassette was taken into the jury room, there was no videotape player or television in the jury room. Upon objection by the Oateses’ attorneys, the trial court stated that a videotape player and a television would be provided if the jury specifically requested them. Neither the objection nor the trial court’s response is contained in the record on appeal. At the conclusion of the presentation of evidence, the trial court charged the jury from instructions submitted by DOT’s counsel.
The jury returned a verdict for the Oateses and assessed damages in the amount of $171,147; the trial court entered a final judgment against DOT in that amount on October 26, 2000. The Oateses filed a postjudgment motion, which the trial court denied on November 22, 2000. The Oateses filed a timely appeal to the supreme court; that court transferred the case to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
The Oateses argue three issues on appeal: (1) did the trial court improperly prohibit two of the Oateses’ expert witnesses from testifying; (2) did the trial court err by not supplying the jury, during its deliberations, with a videotape player and a television to play the videotape placed in evidence; and (3) did the trial court improperly charge the jury regarding damages. The standard of review in condemnation cases is highly deferential. See Brothers v. Holloway, 692 So.2d 845, 848 (Ala.Civ.App.1997). “ ‘In condemnation cases, the trial court’s judgment is to be affirmed unless the verdict is not supported by competent evidence, is against the preponderance of the evidence, or is palpably wrong or manifestly unjust.’ ” Moss v. Jefferson County, 674 So.2d 569, 571 (Ala.Civ.App.1995), quoting State Highway Dep’t v. Lawford, 611 So.2d 285, 287 (Ala.1992).
The Oateses planned to call four expert witnesses to testify on the fair market value of their property that was condemned by DOT. On appeal, they argue that the trial court erred when it excluded two of the witnesses who violated Rule 615 regarding the sequestration of witnesses. Whether to exclude witnesses is a matter generally left to the trial court’s discretion. See Faulkner v. Walters, 661 So.2d 227, 230 (Ala.1995). This decision will not be disturbed on appeal absent an abuse of discretion by the trial court. See Camp v. General Motors Corp., 454 So.2d 958, 959 (Ala.1984).
*657 The Oateses assert that, if a witness violates the exclusionary rule, a trial court is required to sanction trial counsel or to give remedial instructions to the jury rather than to completely prohibit the witnesses from testifying. We disagree. In most cases involving the exclusion of witnesses during trial, the appealing party is arguing that the court should have excluded witnesses who violated Rule 615. In this case, however, the Oateses argue that the trial court should not have prohibited their two experts from testifying. One excluded witness, Glenda Montiel, a master gardener, would have testified to the value of the various trees, plants, and shrubs on the Oateses property. The other witness, Houghton Smith, who is in the mobile home business, would have given an estimate of the fair market value of the two mobile homes used by the Oateses as their primary residence.
The record reveals that the testimony of these two witnesses would have been largely cumulative to the other testimony offered by the Oateses. Both the Oateses testified to the amount they paid for the land and the cost of the improvements they had made. Mrs. Oates testified on the value of using the land as a mobile home park, which the Oateses argued was the highest and best use of their land. Mr. Oates testified concerning the value of the mobile homes and the overall value of the property at the time it was condemned. One of the other two expert witnesses called by the Oateses testified as to the appraised value of the land. The other expert witness gave testimony regarding the design and permits needed for a mobile home park, which the Oateses maintained was the best and highest use of their property. Because the Oateses either testified themselves or used the other expert witnesses to testify to the same issues of property valuation, we cannot say that the excluded witnesses’ testimony was so essential to their case that excluding them was an abuse of discretion. Based on the foregoing, we conclude that there was no abuse of discretion by the trial court in prohibiting the witnesses who violated the exclusionary rule from testifying. See Rule 615, Ala. R. Evid.
The second argument on appeal is that the trial court erred by failing to place a videotape player and a television in the jury-deliberation room. Historically, our supreme court has upheld the use of visual aids to assist the jury in reaching its decision. See Southern Energy Homes, Inc. v. Washington, 774 So.2d 505, 515 (Ala.2000). In condemnation cases, § 18-1A-191, Ala. Code 1975, provides an opportunity for jurors personally to view the subject property. Instead of taking the jury to the site, the Oateses properly introduced a videotape of the property before it was condemned by DOT and altered. When the jury retired to deliberate, a videotape player and a television were not provided for them. Off the record, the trial court stated that this equipment would be provided upon request by the jury. The Oateses cite no authority, and we could find none, requiring a trial court to provide such equipment during a jury’s deliberations. Therefore, we conclude that the trial court did not err in failing to provide that equipment solely at the request of the Oateses and in the absence of a request to do so by the jury.
The final argument on appeal is that the trial court misled the jury by failing to give correct instructions on the issue of damages. The trial court gave numerous instructions taken from the Alabama Pattern Jury Instructions: Civil. In chambers before the trial court finished charging the jury, counsel for the Oateses objected to two specific charges: one regarding the value to be placed on expert *658 testimony and the second regarding the words “if any” in the charge relating to awarding damages. The trial court then went back into open court with the jury, the parties, and the attorneys present and stated:
“Now, during the charge, I charged you on expert witnesses. I will charge you now that you are not bound by the testimony of the expert witnesses or the testimony or the contentions of the Department of Transportation or the [Oateses]. Your job is to find the fair market value of the property based on using the standard that I charged you on.
“I also stated to you during the charge ‘in awarding damages, if any.’ Well, this is a condemnation, and there is not any question in this case. Damages are a question. So you are to decide — strike ‘if any.’ Decide what the true damages are in this case. All right. And what the value of the property is to be assessed as.
“Ladies and gentlemen of the jury, you may retire to the jury room.”
The trial court cured any error that had occurred during its instructions to the jury by instructing the jury to strike its previous qualifying phrase “if any.” Therefore, the trial court committed no error in instructing the jury.
The trial court’s judgment is due to be affirmed.
AFFIRMED.
CRAWLEY, J., concurs.
YATES, P.J., and THOMPSON and MURDOCK, JJ., concur in the result.